# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| COMBAT ZONE CORP., | § | |
| *Plaintiff,* | § | |
| v. | § | CIVIL ACTION NO. 4:12-CV-00774 |
| | § | |
| DOES 1 - 192, | § | |
| *Defendants.* | § | |

## ORDER

Defendant John Doe, identified by IP address 66.169.192.194 (Dkt. 1-1) has filed a motion to quash (Dkt. 6) which has been referred to this magistrate judge for disposition (Dkt. 7). The motion is denied.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). However, when the discovery device is a subpoena, the Court may quash the subpoena, *inter alia*, if it requires the disclosure of privileged or other protected matter or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(iii)-(iv).

Defendant claims that the information sought by the subpoena is protected by Defendant's reasonable expectation of privacy which outweighs Plaintiff's need for such information. (Dkt. 6). Defendant's claim is without merit. Although neither party provides a copy of the subpoena nor identifies who it is directed to, Plaintiff mentions that it is directed to a third-party internet service provider (ISP) and not

Defendant.  (Dkt. 8).  In order for Defendant to have standing to challenge this subpoena, Defendant must demonstrate a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it.  *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979).  Assuming, *arguendo*, that Defendant does have standing to assert this claim, Defendant has failed to prove how the ISP's compliance with the subpoena would be unduly burdensome or overly broad for the ISP to reasonably comply with the requests.  Indeed, the ISP has not asserted any objection to its duty to comply with the subpoena and Defendant cannot, therefore, make these objections on the ISP's behalf.  *See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005).  Furthermore, Defendant's conclusory claim that he has a reasonable expectation of privacy does not outweigh Plaintiff's need to identify proper defendants.  Thus, Defendant has failed to meet his burden that the information sought by the subpoena is unreasonable and oppressive and the motion to quash is denied accordingly.  *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

For the foregoing reasons, Defendant's motion to quash (Dkt. 6) is denied.

Signed at Houston, Texas on June 26, 2012.

Stephen Wm Smith
United States Magistrate Judge

2